

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00804-CV

In the **INTEREST OF R.J.B.**, a Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA00078
Honorable Richard Garcia, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: February 6, 2019

AFFIRMED

V.T.[1] appeals the trial court's order terminating her parental rights, arguing the trial court abused its discretion and denied V.T. her right to due process of law by denying her motion for continuance of the trial setting. We affirm the trial court's order.

The Texas Department of Family and Protective Services received a referral on January 3, 2018, that the child R.J.B. had been born December 22, 2017, addicted to methadone and that the mother of the child had left the hospital against medical advice and had not returned. R.J.B. remained in the hospital until January 12, 2018, when the Department filed a petition seeking

---

[1] To protect the identity of the minor child, we refer to the parties by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

conservatorship and termination of parental rights. The trial court immediately granted the Department temporary conservatorship, and R.J.B. was placed in a foster home.

V.T., R.J.B.'s mother, reviewed and signed the service plan prepared by the Department, and the trial court signed an order requiring her to comply with its terms.[2] However, V.T. did not complete any items on the plan during the nine months the case was pending. V.T. did not appear at any of the hearings in the case. She did not obtain a drug evaluation or take any steps to address her drug use. She did not submit to any drug testing. She did not provide any support of any kind to the child during the case. V.T. visited R.J.B. one time, but the trial court then suspended visitation because V.T. had not appeared in court. V.T.'s Department caseworker testified she set up numerous meetings with V.T. throughout the case, but V.T. only kept one appointment. On August 16, 2018, V.T. was jailed on a charge of possession of heroin. At the time of trial, V.T. was also facing three charges of prostitution, all alleged to have occurred while this case was pending.

R.J.B. remained with the same foster family throughout the case, and a strong bond had formed between the child and the foster parents. The caseworker testified the child was doing well, her needs were being met, and the foster parents wanted to adopt her.

V.T. appeared electronically from the Bexar County jail for the October 17, 2018 trial setting. Her attorney announced "not ready" and stated she was "asking for more time for mother." Counsel told the court she believed V.T. would be released from jail within the next thirty days and "she would like to have more time to work on her service plan." Counsel also told the court V.T. had become depressed after R.J.B.'s father died and she withdrew from everything. Counsel stated V.T. "was taking care of her criminal case," and V.T. wanted the opportunity to work on

---

[2] R.J.B.'s alleged father died in April 2018.

her service plan after she was released from jail. V.T. did not file a written motion for continuance or an affidavit in support of her oral motion, and she did not assert that going forward with the trial would deny her due process. The Department and the child's ad litem opposed any continuance. The trial court denied the continuance and went forward with the trial.

After a bench trial, the court terminated V.T.'s parental rights, finding by clear and convincing evidence that V.T. had knowingly endangered the child, constructively abandoned the child, and failed to comply with the court-ordered provisions of the family service plans. *See* TEX. FAM. CODE ANN. § 161.001(b)(1) (D), (E), (N), & (O). The trial court also found that termination of V.T.'s parental rights is in R.J.B.'s best interest. *See id.* § 161.001(b)(2).

V.T. timely appealed and raises one issue: whether the trial court abused its discretion in denying her motion for continuance. We construe a "not ready" announcement as a motion for continuance. *See In re T.H.*, No. 04-17-00761-CV, 2018 WL 1935494, at \*6 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.); BEXAR (TEX.) CIV. DIST. CT. LOC. R. 3, Comment. We review the trial court's denial of a motion for continuance for an abuse of discretion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). Rule 251 of the Texas Rules of Civil Procedure provides that no continuance shall be granted "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." TEX. R. CIV. P. 251. When a motion for continuance is not made in writing and verified, we presume the trial court properly exercised its discretion. *In re T.H.*, 2018 WL 1935494 at \*6; *In re K-A.B.M.*, 551 S.W.3d 275, 283 (Tex. App.—El Paso 2018, no pet.).

The record does not contain a written motion for continuance or an affidavit, and it affirmatively reflects the oral motion was opposed by both the Department and R.J.B.'s attorney ad litem. V.T. has not argued or shown the continuance was required by operation of law. We

therefore hold the trial court did not abuse its discretion in denying the motion. *See In re T.H.*, 2018 WL 1935494 at *6; *In re K-A.B.M.*, 551 S.W.3d at 283.

In her brief, V.T. argues the trial court's failure to postpone the trial violated her constitutional right to due process. V.T. did not make this argument in urging her motion for continuance in the trial court, and did not raise it at any time during trial or in any post-order motion. Accordingly, she failed to preserve this issue in the trial court. *See In re L.M.I.*, 119 S.W.3d 707, 710 (Tex. 2003) (holding constitutional error was waived because petitioner did not raise due process argument in trial court).

We therefore affirm the trial court's order.

Luz Elena D. Chapa, Justice